WELLING and others *v.* CRANE and others.

(*Circuit Court, D. New Jersey.* September 23, 1884.)

PATENTS FOR INVENTIONS—COMPOSITION FOR ARTIFICIAL IVORY—NOVELTY.
Patent No. 89,531, granted April 27, 1869, to William M. Welling, for an improved composition for artificial ivory, is void for want of novelty, and because it does not disclose an advance in the art.

On Bill, etc.   Suit No. 3.
*Betts, Atterbury & Betts,* for complainant
*Rowland Cox,* for defendants.

NIXON, J. This suit is brought to recover profits and damages for the infringement of letters patent numbered 89,531, dated April 27, 1869, and granted to William M. Welling, for an "improved composition for artificial ivory."

The defendants contend that the patent is void (1) because it is wanting in novelty; (2) because the specification is fatally defective; and (3) because the patent does not disclose an advance in the art. The patent is for a composition. The patentee claims that he has invented and made a new and useful compound resembling ivory. In the specifications he states that he uses of kaolin, in fine powder, about ten parts, by weight, to one part, by weight, of shellac, also finely ground. After intimately mixing these powders together, by sifting or otherwise, and adding, if desired, a small portion of gum camphor, he passes the product through heated rollers that melt the shellac and produce a plastic mass, which renders the union of the shellac and kaolin so intimate that the mass is homogeneous, and when pressed into molds, while still warm, has the appearance of ivory. Different colors of the article may be secured by adding any desired coloring matter with the kaolin and shellac.

The new composition, for which the patent was granted, consists of a mechanical mixture of kaolin and shellac in certain definite proportions,—the kaolin to give it body, and the shellac to effect an adhesion of the parts. The testimony shows that the use of these ingredients, in combination, was not new. A number of patents were exhibited to prove this. In some of them, kaolin is specifically mentioned as a desirable body-giving agent, in connection with shellac, to impart adhesiveness. In others, "all earths, dried and powdered," "finely powdered porcelain, or other baked earths," "argilaceous earths," and like descriptions of inert materials, are designated, and it will hardly be disputed that all of these substances are equivalents of kaolin. It was no more invention to substitute kaolin for any of these, than to make door-knobs of clay or porcelain, instead of iron, brass, wood, or glass, which has been previously used. See *Hotchkiss* v. *Greenwood,* 11 How. 248; *Smith* v. *Goodyear Co.* 93 U. S. 486.

The only questions left in the case are, whether this combination, in the proportions stated in the patent, produced any new and useful result; and, if so, whether the defendants have infringed by using it in these proportions. I think that both of these questions must be answered in the negative, and against the complainants. The weight of the evidence does not give support to the alleged value of the patented composition, except for poker checks and martingale rings. It is not strong enough to be useful in the manufacture of billiard balls, piano keys, knife handles, or any articles which are liable to be cracked or broken by coming in contact with other substances.

It is also quite clear that the proportions mentioned in the patent

do not yield the best results, and that the patentee himself early abandoned their use. He says he does not remember when he quit using two parts of kaolin to one of shellac, but that he ascertained some years ago that, in order to secure a more ivory-like appearance to the manufactured articles in making up the composition, he was obliged to reduce the quantity of kaolin, and to substitute therefor "a lead," and that he varied the proportions so much that in some cases he used equal parts of kaolin and shellac, and in others one part of shellac and from one and a quarter to one and three-quarters of kaolin, and one part of "a lead." It does not appear that the defendants have adhered any more closely to the proportions of the patent than the patentee himself. After full consideration, I am not able to give any construction to the claim of the patent which will constitute them infringers, and the bill of complaint must be dismissed, with costs.